UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRAN RAWAT,

        Plaintiff,

  v.

TAMMY FERNANDES, et al.,

        Defendants.

No. 2:17-cv-02100-KJM-KJN PS

ORDER TO SHOW CAUSE

On February 22, 2018, this case was before the undersigned for a status (pre-trial scheduling) conference.[1] Plaintiff failed to appear at the status conference. (ECF No. 4.) However, on the same day, plaintiff requested an entry of default against all defendants, from the Clerk of Court. (ECF No. 5.)

Previously, on October 11, 2017, the court issued an "Order Setting Status Conference." (ECF No. 3.) The order directed plaintiff to "complete service of process on defendants named in the complaint within 90 days from the date of th[e] order." (Id. at 1.) The order also "cautioned that this action may be dismissed if service of process is not accomplished within 90 days from the date that the complaint [wa]s filed. See Fed. R. Civ. P. 4(m)." (Id.)

////

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

That same order set a status (pre-trial scheduling) conference for February 22, 2018, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel." (Id. at 2.) The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference. (Id. at 2-3.) The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

In addition to failing to appear at the status (pre-trial scheduling) conference, plaintiff failed to file a status report with the court no later than seven days prior to the status conference. Additionally, while plaintiff now asserts that defendants were served on October 19, 2017 (ECF No. 5), plaintiff failed to provide proof of service, prior to the February 22, 2018 status conference.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

This court's Local Rules are in accord. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within fourteen days of this order, plaintiff shall show cause in writing why sanctions should not be imposed for his failure to appear at the February 22, 2018 status (pre-trial scheduling) conference.

2. Plaintiff's failure to file the required response shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

Dated: February 23, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE