UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN RAWAT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TAMMY FERNANDES, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-02100-KJM-KJN<br><br><br>ORDER |

On May 3, 2018, the court held a status (pre-trial scheduling) conference. Pro se plaintiff Kiran Rawat appeared, on her own behalf. After considering plaintiff's status report and her representations made during the hearing, it is apparent that defendants have not been properly served. However, in light of plaintiff's pro se status and the court's desire to have the case resolved on its merits, plaintiff is afforded one final opportunity to properly effectuate service.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff one summons for each defendant named in the complaint. Plaintiff shall complete service of process on defendants named in the complaint by **May 24, 2018**. **Failure to effectuate service of process by this date may result in dismissal of this action**. See Fed. R. Civ. P. 4(m).

2. Plaintiff shall serve on each defendant, within ten days after the service of process, a copy of this order, and a copy of the form "Consent to Proceed Before United States Magistrate

1

Judge" and shall file with the clerk a certificate reflecting such service.

    3. Within thirty days after defendant answers, the parties shall meet and confer in person about the mandatory disclosures required by Fed. R. Civ. P. 26.

    4. A status (pre-trial scheduling) conference is set for **July 19, 2018**, at 10:00 a.m., in Courtroom No. 25 before the undersigned. All parties shall appear by counsel or in person if acting without counsel.

    5. Not later than **July 12, 2018**, the parties shall file status reports[1] briefly describing the case and addressing the following:

        a. Service of process;

        b. Possible joinder of additional parties;

        c. Any expected or desired amendment of the pleadings;

        d. Jurisdiction and venue;

        e. Anticipated motions and their scheduling;

        f. The report required by Fed. R. Civ. P. 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

        g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

        h. Special procedures, if any;

        i. Estimated trial time;

        j. Modifications of standard pretrial procedures due to the simplicity or complexity of of the proceedings;

        k. Whether the case is related to any other cases, including bankruptcy;

        l. Whether a settlement conference should be scheduled;

        m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge; and

---

[1] The parties are encouraged, when possible, to file a joint status report

|   |   |
|---|---|
| 1 |        n. Any other matters that may add to the just and expeditious disposition of this |
| 2 | matter. |

      6. **Failure to obey federal or local rules, or order of this court, may result in dismissal of this action**. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.

      7. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. See L.R. 160. In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

      8. The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals. See 28 U.S.C. § 636(c). The form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the Clerk of the Court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form, unless all parties to the action have consented.

      9. The Clerk of the Court is directed to send plaintiff copies (one for each defendant plus one for plaintiff) of the form, "Consent to Proceed Before United States Magistrate Judge," with this order.

      IT IS SO ORDERED.

Dated: May 4, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE