UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KIRAN RAWAT, | No. 2:17-cv-02100-KJM-KJN PS |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| TAMMY FERNANDES, et al., | |
| Defendants. | |

  Plaintiff Kiran Rawat, proceeding without counsel, commenced this action on October 10, 2017, and paid the filing fee. (ECF No. 1.) On the following day, the court issued an Order Setting Status Conference. (ECF No. 3.) The order directed plaintiff to "complete service of process on defendants named in the complaint within 90 days from the date of th[e] order." (Id. at 1.) The status (pre-trial scheduling) conference was set for February 22, 2018, and parties were ordered to file status reports by February 15, 2018. (Id. at 2.)

  Plaintiff failed to provide proof of service, failed to provide a status report, and failed to appear at the status conference. (ECF No. 4.) Based on plaintiff's numerous failures, the court considered whether the action should be dismissed. Nevertheless, in light of plaintiff's *pro se* status and the court's general preference to resolve actions on their merits, the court first attempted lesser sanctions in the form of an order to show cause and monetary sanctions.

Specifically, on February 23, 2018, the court ordered plaintiff to show cause in writing why the court should not impose sanctions, based upon her failure to appear at the status conference. (ECF No. 6 at 3.) The court explained that as a *pro se* litigant, plaintiff "must follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure. (Id. at 2, (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds)).)

Plaintiff responded that she forgot about the status conference, due to illness and her *pro se* status. (See ECF No. 7.) The court ordered plaintiff to pay a total of $100 in monetary sanctions. (ECF No. 8 at 2.) The court also rescheduled the status (pre-trial scheduling) conference for May 3, 2018, and parties were ordered to file status reports on or before April 26, 2018. (Id.) Plaintiff was also ordered to "be prepared to discuss, and support with documentation, that defendants have been properly served, as directed." (Id.)

Plaintiff paid the $100 in sanctions. However, no status reports were provided prior to the May 3, 2018 hearing, and defendants did not appear. (ECF No. 12.) Plaintiff appeared, but failed to provide adequate documentation that defendants had been properly served. (Id.)

The court again considered recommending dismissal of plaintiff's case due to her multiple failures to comply with the court's orders. "However, in light of plaintiff's *pro se* status and the court's desire to have the case resolved on its merits, plaintiff [wa]s afforded one final opportunity to properly effectuate service." (ECF No. 13 at 1.)

Plaintiff was ordered to complete service of process by May 24, 2018. (Id.) A further status (pre-trial scheduling) conference was set for July 19, 2018, and parties were ordered to file status reports no later than July 12, 2018. (Id. at 2.) Plaintiff was again admonished that "failure to obey federal or local rules, or order of this court, may result in dismissal of this action." (Id. at 3.)

On June 15, 2018, plaintiff returned executed summonses, indicating that each defendant had been served on June 5, 2018. (See ECF No. 17–19.) However, plaintiff's latest attempt at service is again deficient. First of all, defendants were not served by May 24, 2018, as ordered. Additionally, defendant Tammy Fernandes was allegedly served at 1615 Broadway, Fl 4,

Oakland, CA 94612-2171 (ECF No. 17), which is the address of the Law Offices of Andrew Wolff, P.C.  See The Law Offices of Andrew Wolff, P.C., http://awolfflaw.com/contact-us/ (last visited on July 16, 2017).  Tammy Fernandes was apparently a client of Andrew Wolff (see ECF No. 15 at 2) but there is no indication that she has any current connection to Wolff or his firm.

Defendant Chris Beaty was allegedly served at 1515 Clay St., Oakland, CA 94612 (ECF No. 19), which appears to be an old address for the Law Offices of Andrew Wolff, P.C.  Compare Tenants Together, http://www.tenantstogether.org/resources/law-offices-andrew-wolff-pc (last visted July 16, 2017) with http://awolfflaw.com/contact-us/.  However, Chris Beaty does not appear to have any current affiliation with the Wolff firm, as he is not listed as an attorney or employee on their website.  See http://awolfflaw.com/attorneys/.

More importantly, plaintiff failed to provide a status report on July 12, 2018, and none of the defendants have appeared in this matter, which strongly suggests that service has not been properly effectuated.  In light of plaintiff's numerous and continued failures to follow the court's orders, the court recommends dismissal at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's orders and failure to prosecute her case have unreasonably delayed the progress of this litigation. Indeed, the court has provided clear instructions, and has given plaintiff multiple opportunities to comply with the court's orders and rules. Yet, plaintiff has continually failed to follow instructions.

The third <u>Ferdik</u> factor also favors dismissal. Although the defendants have not yet appeared in the case, they have been named in a civil action, and plaintiff's failure to prosecute the case has hampered defendants' ability to move this case forward towards resolution.

Additionally, the fifth <u>Ferdik</u> factor, which considers the availability of less drastic measures, also supports dismissal. As noted above, the court has already attempted less drastic sanctions—multiple opportunities to comply, an order to show cause, and monetary sanctions— prior to recommending dismissal. Plaintiff has continually failed to follow the court's orders, and she has failed to demonstrate that she has properly served defendants. Thus, the court cannot craft any less drastic issue sanctions at this stage in the litigation. Moreover, because the court's prior monetary sanctions have not compelled plaintiff's compliance with the court's subsequent orders, further monetary sanctions would be futile. As a result, the court finds no suitable alternative to dismissal at this juncture.

Finally, the court finds that the fourth <u>Ferdik</u> factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute her case. In any event, the court finds that the fourth <u>Ferdik</u> factor is outweighed by the other <u>Ferdik</u> factors.

Consequently, dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to vacate all dates and close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. The July 19, 2018 status (pre-trial scheduling) conference is VACATED.

2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the

findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: July 17, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE