UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN RAWAT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TAMMY FERNANDES, et al., <br><br> Defendants. | No. 2:17-cv-02100-KJM-KJN PS <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Presently pending before the court is defendant Andrew Wolff's ("Wolff") request to dismiss this matter with prejudice. (ECF No. 36.) Plaintiffs have opposed this request. (ECF No. 38.) Upon review of the documents in support and opposition, and the applicable law, the court finds as follows:

I. BACKGROUND

Plaintiff Kiran Rawat ("Rawat"), proceeding without counsel, commenced this action on October 10, 2017, and paid the filing fee. (ECF No. 1.) From the beginning of this action, Rawat and fellow plaintiff Raj Singh ("Singh") have failed to follow numerous court orders. Despite being granted several opportunities, plaintiffs have failed to properly serve defendants. Instead, plaintiffs have responded with at least one documented lie and several specious representations that service has been completed.

////

1

On October 4, 2018, defendant Wolff specially appeared and requested that this case be dismissed because plaintiffs have failed to execute service. (See ECF No. 36.) In the interest of justice, and to avoid placing form over substance, the court construes this request as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons that follow, the undersigned recommends that defendant's request be GRANTED and this case be DISMISSED with prejudice based on insufficient service of process.

A. Procedural History

On October 11, 2017, the court ordered Rawat to complete service of process on defendants within 90 days; ordered status reports by February 15, 2018; and set a status conference for February 22, 2018. (ECF No. 3.) Rawat failed to provide timely proofs of service or a timely status report, and she failed to appear at the status conference. (ECF No. 4.) Yet, on the day the status conference was scheduled, Rawat filed a request for entry of default and default judgment against defendants. (ECF No. 5.)

The court ordered Rawat to show cause in writing why it should not impose sanctions, based upon her failure to appear at the status conference. (ECF No. 6 at 3.) The court explained that as a *pro se* litigant, Rawat "must follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure. (Id. at 2, (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds)).) Rawat responded that she forgot about the status conference due to illness and her *pro se* status. (See ECF No. 7.)

Subsequently, the court ordered Rawat to pay a total of $100 in monetary sanctions; ordered status reports by April 26, 2018; and rescheduled the status conference for May 3, 2018. (ECF No. 8.) The court also ordered Rawat to "be prepared to discuss, and support with documentation, that defendants have been properly served, as directed." (Id.) Rawat paid the $100 in sanctions and provided proofs of service, asserting that defendants had been served by Scott Smith. (ECF No. 9.) The proofs of service were clearly inadequate, however, and no status reports were provided. Still, plaintiff again requested an entry of default against defendants. (ECF No. 11.)

////

2

Contrary to the court's explicit directions, at the May 3, 2018 hearing, Rawat was not prepared to discuss and demonstrate that defendants had been properly served. When the undersigned asked Rawat who is Scott Smith and whether he is a professional process server, Rawat indicated that she did not know because her husband had handled the service in this matter. The undersigned pointed out the numerous issues with the proofs of service and admonished Rawat that if she were represented by counsel and had made such mistakes, then this matter would have been dismissed. Indeed, the court considered recommending dismissal of the case based upon Rawat's failure to effectuate service. "However, in light of plaintiff's *pro se* status and the court's desire to have the case resolved on its merits, plaintiff [wa]s afforded one final opportunity to properly effectuate service." (ECF No. 13 at 1.)

Unbeknownst to the court at the time, Rawat's husband, Raj Singh was also present in the courtroom during the May 3, 2018 hearing.[1] However, he did not offer any information regarding Scott Smith or the status of service.

On May 4, 2018, the court ordered Rawat to complete service of process by May 24, 2018; ordered status reports by July 12, 2018; and scheduled a further status conference for July 19, 2018. (ECF No. 13.) Rawat was warned that "failure to obey federal or local rules, or order of this court, may result in dismissal of this action." (Id. at 3.)

On June 4, 2018, Rawat filed a first amended complaint, adding Singh as an additional *pro se* plaintiff. (ECF No. 15.) Plaintiffs returned executed summonses on June 15, 2018, indicating that each defendant had been served on June 5, 2018, by Scott Smith, whose address was listed as 1200 North B Street, Sacramento, CA 95814. (See ECF Nos. 17-19.) Plaintiffs' attempts at service, however, were once again deficient. Defendants were not served by May 24, 2018, as ordered and at least two of the three defendants were served at inappropriate addresses. (See ECF No. 20 at 2-3.) Additionally, plaintiffs failed to provide a timely status report, and none of the defendants appeared, all of which strongly indicated that service had not been properly effectuated.

---

[1] During the June 19, 2018 hearing, Raj Singh indicated that he is Kiran Rawat's husband, and admitted that he had been in the courtroom during the May 3, 2018 hearing.

3

As a result, on July 17, 2018, the undersigned recommended that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 20.) However, on the same day, plaintiffs provided a tardy status report and a request for entry of default against defendants. (ECF Nos. 21, 22.)

The court held the July 19, 2018 hearing, at which only plaintiff Singh appeared. (ECF No. 24.) The undersigned explained to Singh that the status report was inexcusably late and once again admonished Singh that plaintiffs must follow the Rules of Federal Procedure and properly serve defendants to proceed with this matter. The undersigned further explained that filing requests for entry of default is not appropriate when service has not been properly completed. Singh asserted that he and his wife are "very new to federal court" and requested another opportunity to properly serve defendants, in accordance with the appropriate rules. The undersigned agreed to grant Singh's request, but strongly suggested that plaintiffs contract with a licensed process server to ensure that service is properly completed, especially in light of the fact that Scott Smith had now failed on two attempts at service.

Accordingly, on July 20, 2018, the undersigned vacated his findings and recommendations, and ordered plaintiffs to complete service and file proofs of service no later than August 16, 2018. (ECF No. 27.) Plaintiffs were warned that failure to effectuate service or "[f]ailure to obey federal or local rules, or order of this court, will result in a recommendation of dismissal of this action." (Id. at 3.)

On August 8, 2018, plaintiffs voluntarily dismissed defendants Tammy Fernandes and Chris Beaty. (ECF No. 29.) Plaintiffs also provided proof of service, attesting that the only remaining defendant, Wolff was served on July 30, 2018, by personal service at 1615 Broadway, 4th Floor, Oakland, CA 94612. (ECF No. 30.) This is Wolff's address of record with the California State Bar. See http://members.calbar.ca.gov/fal/Licensee/Detail/195092 (last visited October 29, 2018). Service was purportedly completed by Ramona Davis, whose address was listed as 1725 28th Street, Sacramento, CA 95816. (ECF No. 30.)

As a result, the court set a further status conference for October 11, 2018, and ordered parties to file a joint status report by October 4, 2018. (ECF No. 32.) In addition to serving

plaintiffs, the court also served a copy of this order on Wolff at his address of record with the California State Bar. (Id.)

On October 1, 2018, plaintiffs filed a status report asserting that Wolff had not contacted them, but that plaintiffs had served him. (ECF No. 33.) Plaintiffs once again requested an entry of default against Wolff. (ECF No. 34.) The Clerk of Court entered default as to defendant Wolff on October 2, 2018. (ECF No. 35.)

B. Defendant's Special Appearance and Request for Dismissal

On October 4, 2018, Wolff specially appeared and filed a request for dismissal, which the court construes as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (See ECF No. 36.) As a result, the undersigned vacated the October 11, 2018 status conference. (ECF No. 37.) On October 12, 2018, plaintiffs filed an opposition to Wolff's request. (ECF No. 38.)

Wolff declares under penalty of perjury that he was never served with any papers in this matter. (Declaration of Andrew Wolff, ECF No. 36-1 ["Wolff Decl."] ¶ 2.) Additionally, Wolff points out that the address provided for Ramona Davis—1725 28th Street, Sacramento, CA—is the address of the Sacramento County Department of Human Assistance. (See ECF No. 30; Wolff Decl. ¶ 9, Exh. E.)[2] This county agency "plan[s], implement[s] and oversee[s] a spectrum of programs and services designed to move people from public assistance to independence." http://www.dha.saccounty.net/Pages/About-DHA.aspx (last visited October 29, 2018.) There is no indication that this agency acts as a process server in private litigation.

Moreover, Wolff points out that the address provided for Scott Smith—1200 North B Street, Sacramento, CA—is the address of a homeless shelter run by the Salvation Army. (See ECF Nos. 17-19; Wolff Decl. ¶ 7, Exh. C.)

Wolff also directs the court's attention to a prefiling order from the Bankruptcy Court in the Eastern District of California "that requires Raj Singh . . . to obtain authorization to file a new bankruptcy . . . during the eight-year period commencing on December 11, 2011." In re Singh,

---

[2] The court takes judicial notice of the exhibits provided by Wolff because they contain readily verifiable public information. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (A court "may take judicial notice of court filings and other matters of public record").

5

551 B.R. 54, 56 (Bankr. E.D. Cal.), reconsideration denied, 553 B.R. 404 (Bankr. E.D. Cal. 2016). On June 1, 2016, the Bankruptcy Court denied Singh's motion to vacate this order, finding that

> Raj Singh continues to ignore the seriousness of his litigation misconduct and the great burden his meritless actions (bankruptcy cases, adversary proceedings, and contested matters) impose on other parties and the court. Rather, the Motion to Vacate and Raj Singh's arguments at the hearing are grounded in what appears to be Raj Singh's continuing need to use, and abuse, the bankruptcy laws and federal courts as a forum for repeated feckless litigation. . . .
>
> In addition to this bankruptcy court, Raj Singh has repeatedly commenced proceedings in the federal courts and California state courts ("State Courts"), both trial and appellate, to use, and abuse, those courts against his adversaries. In his litigation prosecuted in various forums, Raj Singh advances legally complex, though meritless, arguments. While Raj Singh asserts meritless claims, it is clear that he is a very intelligent person and is not filing the pleadings in error or based on a misunderstanding or non-understanding of the law. Rather, Raj Singh's pleadings demonstrate that he is conversant with federal and state statutory, common law, and complex Federal Constitutional concepts.

In re Singh, 551 B.R. at 56.

Furthermore, Singh has been admonished for failing to properly serve motions in at least one previous matter in federal court. See Id. at 64 ("You [Raj Singh] came in here [this bankruptcy court] with a clean slate and you have proven yourself. You have filed motion after motion that have absolutely no merit. You file motions and don't serve the other party").

II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action based on insufficient service of process. If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint. Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal

jurisdiction if service was not made in substantial compliance with Rule 4." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

III. DISCUSSION

Here, Wolff challenges the sufficiency of service. (ECF No. 36.) Plaintiffs maintain that Wolff was served. (ECF No. 38 at 1.) However, plaintiffs' only evidence is the proof of service purportedly signed by Ramona Davis. (ECF No. 30). While plaintiffs assure the court that service has been completed, plaintiffs entirely lack credibility in this matter.

First, plaintiffs have taken advantage of this court's generosity, pretending to be less experienced litigants than they truly are. During the July 19, 2018 hearing in this matter, Singh stated that he and Rawat are very new to federal court—a demonstrably false statement—in an attempt to excuse their failures to follow the Federal Rules and the court's orders. As explained, Singh has a documented history of being a vexatious litigant in federal court. See In re Singh, 551 B.R. at 54. ("Raj Singh has repeatedly commenced proceedings in the federal courts . . . to use, and abuse, those courts against his adversaries"). Singh's lie to this court is unacceptable and evidence that Singh continues to attempt to manipulate the courts for his own improper purposes. Indeed, Singh "is a very intelligent person and is not [failing to effectuate service] in error or based on a misunderstanding or non-understanding of the law." Id. at 56.

Second, the specious nature of the proofs of service plaintiffs provided further undermines their credibility. Each proof of service filed by plaintiffs in this matter is identical in format and presentation to each other proof of service and pleading filed by plaintiffs. (See ECF Nos. 1, 5, 7, 9, 10, 15, 17-19, 21, 22, 25, 29, 30, 33, 34, 38.) Indeed, aside from the signature line and date, there is no notable difference between the documents signed by Scott Smith and Ramona Davis. (Compare ECF Nos. 9, 17-19, 33, 34, with ECF No. 30.) It appears that each proof of service and pleading filed by plaintiffs in this matter was prepared using the same template.

Third, as explained, the address given for Ramona Davis is that of a government agency, and the address given for Scott Smith is that of a homeless shelter. The court specifically warned plaintiffs, on numerous occasions, that they need to properly serve defendants. Yet, plaintiffs have failed to provide any information about either purported process server beyond the highly

suspect addresses and signatures[3] included on the proofs of service.  (See ECF Nos. 9, 17-19, 30, 33, 34, 38.)

Therefore, plaintiffs have failed to meet their burden to demonstrate that service was effectuated.  See Brockmeyer, 383 F.3d at 801.  While "Rule 4 is a flexible rule that should be liberally construed," Chan, 39 F.3d at 1404, dismissal is appropriate at this juncture.  Plaintiffs have feigned inexperience and failed to properly complete service despite multiple opportunities and warnings, including the court's July 17, 2018 admonishment that "[f]ailure to obey federal or local rules, or order of this court, will result in a recommendation of dismissal of this action."  (ECF No. 20 at 3.)  In light of plaintiff's misconduct and apparent willful failures, plaintiffs should not be given any further opportunity to complete service in this matter.

IV.     CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's request for dismissal (ECF No. 36) be GRANTED.

2. The action be DISMISSED with prejudice based on insufficient service of process.

3. The Clerk of Court be directed to vacate all dates and close this case.

IT IS ALSO HEREBY ORDERED that:

1. The Clerk of Court shall VACATE the entry of default against defendant Andrew Wolff.

2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

---

[3] Wolff also points to the similarities between the signatures of Scott Smith, Ramona Davis, and plaintiffs, apparently suggesting that the signatures of Smith and Davis may be fraudulent.  (Wolff Decl. ¶¶ 6, 8.)  Because plaintiffs have otherwise lied to the court and failed to prove that service was effectuated, the court need not determine the validity of these signatures.

8

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: November 8, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE